IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL R. HAMMERSLEY, : <br> : <br> Appellant, : <br> : <br> v. :     Civ. No. 18-157-LPS <br> : <br> PARAGON OFFSHORE PLC, : <br> : <br> Appellee. : | |
| MICHAEL R. HAMMERSLEY, : <br> : <br> Appellant, : <br> :     Civ. No. 18-367-LPS <br> v. :     Civ. No. 18-368-LPS <br> :     Civ. No. 18-734-LPS <br> PROSPECTOR OFFSHORE : <br> DRILLING S.à r.l., *et al.*, :     CONSOLIDATED APPEAL <br> : <br> Appellees. : | |

## **MEMORANDUM**

Before the Court are several motions filed by *pro se* appellant Michael R. Hammersley, including motions to reconsider decisions issued by the Court on March 12, 2019, which dismissed the above-captioned appeals. For the reasons that follow, the Court will deny the motions.

**I.   BACKGROUND**

    **A.   Paragon Chapter 11 Cases and Appeal**

On February 14, 2016, Paragon Offshore plc ("Paragon Parent") and certain of its affiliates (collectively, the "Debtors") filed for protection under Chapter 11 of the Bankruptcy Code (the "Paragon Cases").[1] On July 7, 2017, Paragon Parent confirmed its plan (*Paragon* D.I. 1614)

---

[1] *In re Paragon Offshore plc*, Case No. 16-10386 (CSS) (Bankr. D. Del.). The docket of the Paragon Cases is cited herein as "*Paragon* D.I. __."

1

("Confirmation Order"). On June 21, 2017, Appellant, a shareholder of Paragon Parent, appealed the Confirmation Order (Civ. No. 17-802-GMS D.I. 1) ("Confirmation Order Appeal") and, on June 27, 2017, moved for a stay pending appeal in the Bankruptcy Court (the "First Stay Motion") (*Paragon* D.I. 1712). The Bankruptcy Court denied the First Stay Motion. (*Paragon* D.I. 1712) Thereafter, Appellant filed a motion for stay pending appeal in this Court. (Civ. No. 17-802-GMS D.I. 6) On July 7, 2017, this Court denied Appellant's request for stay pending appeal. (*Id.* at D.I. 9) Appellant subsequently withdrew the Confirmation Order Appeal. (*Id.* at D.I. 10)

On July 11, 2017, the Debtors filed a motion seeking approval of modifications to the Plan (the "Plan Modifications"), including Paragon Parent's entry into a management agreement. On July 17, 2017, the Bankruptcy Court held a hearing to consider the plan modifications. None of the shareholders of Paragon Parent, including Appellant, filed an objection or appeared at the hearing. The Bankruptcy Court entered the Plan Modification Order on the same day. On July 18, 2017, the Plan went effective. (*Paragon* D.I. 1792) On December 4, 2017, four months after the Plan went effective, Appellant filed a motion to revoke the Plan Modification Order. (*Paragon* D.I. 2000) The Bankruptcy Court denied Appellant's Motion to Revoke (*Paragon* D.I. 2047) ("Order Denying Revocation"). On January 25, 2018, Appellant timely appealed the Order Denying Revocation. Appellant also sought a stay of the Order Denying Revocation (*Paragon* D.I. 2058) (the "Second Stay Motion"). Following a hearing, on February 21, 2018, the Bankruptcy Court denied Appellant's Second Stay Motion. (*Paragon* D.I. 2089)

Paragon Parent filed a Motion to Dismiss Appellant's appeal of the Revocation Order (Civ. No. 18-157-LPS D.I. 18) ("Paragon Motion to Dismiss"). On March 12, 2019, this Court entered a Memorandum and Order granting the Paragon Motion to Dismiss (Civ. No. 18-157-LPS, D.I. 42, 43) ("Paragon Dismissal Order").

On March 21, 2019, Appellant timely filed a notice of appeal from the Paragon Dismissal Order. (Civ. No. 18-157-LPS D.I. 44) (the "Paragon Third Circuit Appeal") More than three weeks after the Paragon Dismissal Order was entered, and two weeks after Appellant filed the Paragon Third Circuit Appeal, Appellant on April 5, 2019 filed a "Motion to Reconsider" (Civ. No. 18-157-LPS D.I. 46) ("Paragon Motion to Reconsider"). On April 8, 2019, Appellant further filed a "Motion for Leave to File Past the Deadline Contained in Federal Rule of Bankruptcy Procedure 8022" (Civ. No. 18-157-LPS D.I. 47) ("Paragon Motion for Leave"). On October 15, 2019, Appellant filed a "Motion for Judicial Notice and to Correct or Supplement the Record" (Civ. No. 18-157-LPS D.I. 51) ("Paragon Motion for Judicial Notice"), and on March 9, 2020, Appellant filed a "Motion for Status Conference" (Civ. No. 18-157-LPS D.I. 52) ("Paragon Motion for Status Conference"). On April 22, 2020, Appellant filed a letter requesting that this Court, among other things, appoint a Chapter 11 Trustee in Paragon's bankruptcy case pursuant to 11 U.S.C. § 1104(a).[2] (Civ. No. 18-157-LPS D.I. 53) On June 1, 2020, Appellant filed another letter request with the Court. (Civ. No. 18-157-LPS D.I. 55) On September 23, 2020, Appellant filed a notice of subsequent authority with the Court. (Civ. No. 18-157-LPS D.I. 56)[3]

**B.     Prospector Chapter 11 Cases[4] and Related Appeals**

Paragon Parent is the sole equity owner of Prospector Offshore Drilling S.à r.l. ("Prospector Parent"). On July 20, 2017, Prospector Parent and certain affiliates filed for protection under

---

[2] The Court does not consider this a procedurally proper request for the reasons set forth herein. Additionally, the plain language of section 1104(a) precludes appointing a trustee in the Paragon Chapter 11 case because the bankruptcy court confirmed a Chapter 11 plan in that case in June 2017. 11 U.S.C. § 1104(a) ("At any time after the commencement of the case but before confirmation of a plan . . . .").

[3] Appellant has also contacted chambers by email on several occasions to inquire about the status of these cases.

[4] *In re Prospector Offshore Drilling S.à r.l., et al.*, Case No. 17-11572 (CSS) (Bankr. D. Del.). The docket of the Prospector Cases is cited herein as "*Prospector* D.I. ___."

3

Chapter 11 of the Bankruptcy Code. Prospector Parent was the sole equity owner of Prospector Rig 1 Contracting Company S.à r.l. and Prospector Rig 5 Contracting Company S.à r.l., and it owned (either directly or indirectly) certain subsidiaries (collectively, the "Prospector Entities"). The Prospector Entities were not debtors in the Paragon Cases. Appellant does not own equity in any of the Prospector Entities.

On February 14, 2018, Prospector Parent entered into a settlement agreement with various parties and subsequently filed motions seeking approval of the settlement agreement and dismissal of the Prospector Chapter 11 cases. Following a hearing held on March 5, 2018, the Bankruptcy Court entered orders (i) approving the settlement agreement (*Prospector* D.I. 369) (the "Settlement Order") and (ii) authorizing the dismissal of the Prospector Chapter 11 cases upon satisfaction of certain conditions (*Prospector* D.I. 368) ("Order Authorizing Dismissal"). No Chapter 11 plan was ever proposed to or confirmed by the Bankruptcy Court.

On March 8, 2018, Appellant appealed the Settlement Order (Civ. No. 18-368-LPS D.I. 1) and the Order Authorizing Dismissal (Civ. No. 18-367-LPS D.I. 1). Following the Bankruptcy Court's denial of Appellant's request to stay these orders pending appeal, Appellant filed an emergency motion for stay in this Court. (Civ. No. 18-367-LPS D.I. 5; Civ. No. 18-368-LPS D.I. 5) The Court denied the emergency motion (the "Stay Denial Order"),[5] finding that Appellant failed to establish: (i) a reasonable likelihood of success on the merits or (ii) that he would suffer irreparable harm absent a stay. On March 26, 2018, Appellant filed an emergency motion with the Third Circuit Court of Appeals with respect to the Stay Denial Order and, on March 28, 2018, the Third

---

[5] Civ. No. 18-367-LPS D.I. 37; Civ. No. 18-368 D.I. 37.

4

Circuit entered an order denying Appellant's emergency motion for stay pending appeal of the Settlement Order and Order Authorizing Dismissal.[6]

On March 27, 2018, the parties consummated the settlement agreement, and the Bankruptcy Court dismissed the Prospector Chapter 11 cases pursuant to the Order Authorizing Dismissal. The day before, on March 28, 2018, Appellant filed a motion to vacate the Bankruptcy Court's Order Authorizing Dismissal ("Motion to Vacate"). (*Prospector* D.I. 407) On May 9, 2018, the Bankruptcy Court denied the Motion to Vacate (the "Order Denying the Motion to Vacate"). (*Prospector* D.I. 428)

On May 15, 2018, Appellant filed a third appeal in the Prospector Chapter 11 cases, this one with respect to the Bankruptcy Court's Order Denying the Motion to Vacate. (Civ. No. 18-734-LPS D.I. 1) On June 8, 2018, Appellant and Prospector Parent filed a stipulated consent order (the "Stipulation") under Federal Rule of Bankruptcy Procedure 8003(b)(2) to consolidate, for procedural purposes, the three Prospector Chapter 11 case appeals. On June 11, 2018, the Court signed the Stipulation, thereby creating the Consolidated Appeal. (Civ. No. 18-367-LPS D.I. 53) In accordance with the briefing schedule and deadline for dispositive motions, Prospector filed its Motion to Dismiss (Civ. No. 18-367 D.I. 62) ("Prospector Motion to Dismiss") on July 2, 2018.[7]

On March 12, 2019, the Court issued a Memorandum and Order granting the Prospector

---

[6] *In re Prospector Offshore Drilling S.a. r.l., et al.*, Case Nos. 18-1652 & 18-1653 (3d Cir. Mar. 28, 2018) D.I. 003112887688.

[7] Appellant also filed a "Motion for Summary Judgment" and brief in support (Civ. No. 18-367 D.I. 58, 60), to which many equity holders filed joinders, along with a "Statement of Uncontested Material Facts and Appendix" (Civ. No. 18-367 D.I. 61). Appellees objected to the "Motion for Summary Judgment" as procedurally improper (D.I. 64), and Appellant filed a reply (D.I. 68). Appellant also filed two letters regarding subsequent rulings. (D.I. 102, 103) The Court agreed with Appellees that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 was procedurally improper. Construing the filings liberally, the Court considered the arguments raised in Appellant's Motion for Summary Judgment in the context of, and in response to, Appellant's motion to dismiss.

5

Motion to Dismiss and dismissing the Consolidated Appeal (Civ. No. 18-367-LPS D.I. 104, 105) ("Prospector Dismissal Order").

As already noted above, thereafter Appellant timely appealed the Prospector Dismissal Order, then filed the pending Motion to Reconsider, followed by other filings in this Court between April 8, 2019 ("Prospector Motion for Leave") and September 23, 2020 (notice of supplemental authority).

## II. PARTIES' CONTENTIONS

Appellees argue that the Court has been deprived of jurisdiction to consider the Paragon Motion to Reconsider and the Prospector Motion to Reconsider (together, the "Motions to Reconsider") (and other pending requests for relief) based on Appellant's errors. First, Appellant filed his appeals prior to filing the Motions to Reconsider. According to Appellees, if Appellant had timely filed the Motions to Reconsider prior to filing the appeals, he would have preserved this Court's jurisdiction to first consider the Motions to Reconsider before the Third Circuit considered the appeals. (*See* Civ. No. 18-157-LPS D.I. 48 at 3-4) Second, Appellees assert, Appellant did not timely file the Motions to Reconsider, which can only be construed as motions for rehearing under Federal Rule of Bankruptcy Procedure 8022, which required the filing of such motions within 14 days of the entry of the Paragon Dismissal Order and the Prospector Dismissal Order (together, the "Dismissal Orders"). (*Id.* at 3)

Conversely, Appellant argues that Bankruptcy Rule 8022 is inapplicable here. (*See* Civ. 18-157-LPS D.I. 49 at 1-2) Alternatively, Appellant argues that he should be granted leave to have filed the Motions to Reconsider past the 14-day deadline contained in Bankruptcy Rule 8022 because the rules are unclear, and there is no prejudice to Appellees in permitting the late filing. (Civ. No. 18-157-LPS D.I. 47 at 4-8; Civ. No. 18-367-LPS D.I. 109 at 4-8)

6

## III.   JURISDICTION

The Court must initially determine whether it has jurisdiction to consider Appellant's requests. Because Appellant proceeds *pro se*, the Court construes his pleadings liberally. Importantly, however, Appellant's *pro se* status has no significance when it comes to a jurisdictional defect. *See In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016) ("[T]here are no equitable exceptions to a jurisdictional requirement.") (citing *Bowles v. Russell*, 551 U.S. 205, 213 (2007)).

As the Third Circuit has also explained, "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") "'Divest' means what it says – the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." *Venen*, 758 F.2d at 120-21 (footnote omitted).

However, when a party files a timely motion to reconsider, the district court may retain jurisdiction to decide that motion notwithstanding the filing of the notice of appeal. *See, e.g., Lakeside Resort Enters., LP v. Bd. of Supervisors of Palmyra Twp.*, 455 F.3d 154, 156 n. 4 (3d Cir. 2006). Here, in response to a letter sent to the Third Circuit by Appellant on April 8, 2019, the Clerk of the Third Circuit stayed both appeals pending the disposition of Appellant's Motions to Reconsider filed in this Court. *See Hammersley v. Paragon Offshore plc* (3d Cir. Apr. 10, 2019) (No. 19-1627); *Hammersley v. Prospector Offshore Drilling S.à r.l.* (3d Cir. Apr. 10, 2019) (No. 19-1628). Accordingly, the Court will address the Motions to Reconsider, including their

7

timeliness, and Appellant's related Motions for Leave, by which Appellant seeks permission to have filed the Motions to Reconsider past the 14-day deadline contained in Bankruptcy Rule 8022.

## IV. DISCUSSION

### A. Motions to Reconsider

Part VIII of Bankruptcy Rules governs bankruptcy appeals to the district court. *See generally* Fed. R. Bankr. P. 8001-8028; *see also* Fed. R. Bankr. P. 8001(a) ("These Part VIII rules govern the procedure in a United States district court . . . on appeal from a judgment, order, or decree of a bankruptcy court."); D. Del. L.R. 7.1.2(c) (providing, *inter alia*, that bankruptcy appeals shall "conform to the requirements of the Federal Rules of Bankruptcy Procedure"). Notably, there is no "motion for reconsideration" under the Bankruptcy Rules. Construed liberally, in light of Appellant's *pro se* status, the relief that Appellant requests in the Motions to Reconsider is most closely aligned with a "motion for rehearing" under Bankruptcy Rule 8022.[8]

Bankruptcy Rule 8022 provides: "Unless time is shortened or extended by order or local rule, any motion for rehearing by the district court or BAP must be filed within 14 days after entry of the judgment on appeal." Fed. R. Bankr. P. 8022(a)(1). The Court's Dismissal Orders were entered on March 12, 2019. Appellant filed the Motions to Reconsider on April 5, 2019, more than a week past the 14-day deadline. In the Court's view, when Appellant did not timely file a motion for rehearing (or other similar motion), the already-filed Notices of Appeal divested this Court of jurisdiction over those aspects of the case that were now on appeal.

Appellant argues that Bankruptcy Rule 8022 is inapplicable here, and that the Motions for Leave – which clearly seek permission to have filed the Motions to Reconsider past the 14-day deadline in Bankruptcy Rule 8022 – were "filed out of an abundance of caution in case the

---

[8] Appellant further contends that the Court should consider his Motions for Leave under Bankruptcy Rule 8022. (Civ. No. 18-157-LPS D.I. 47 ¶ 1; Civ. No. 18-367-LPS D.I. 109 ¶ 1)

8

Appellant is incorrect in his belief that the Federal Rules of Appellate Procedure govern bankruptcy appeals from the district court to the appellate court." (Civ. 18-157-LPS D.I. 49 at 1-2) Appellant argues that because "the thirty-day deadline contained in Federal Rule of Appellate Procedure 4(a)(1)(A) . . . governs the deadline for filing a notice of appeal from the district court to the appellate court," this "confirms that the twenty-eight-day deadline contained in Federal Rule of Appellant Procedure 4(a) would govern the Motion to Reconsider . . . (and not the fourteen day deadline contained in Federal Rule of Bankruptcy Procedure 8022)." (*Id.* at 2)

Appellant is mistaken. Bankruptcy Rule 8022 plainly governs a "motion for rehearing by the district court" and, barring an order shortening or extending the deadline, any such motion "must be filed within 14 days after entry of the judgment on appeal." Fed. R. Bankr. P. 8022(a)(1). Because the Appellant did not timely file the Motions to Reconsider, the appeals divested this Court of jurisdiction. *See Hall v. Life Ins. Co. of N. Am.*, 317 F.3d 773, 775 (7th Cir. 2003) (appellant filed with district court "a motion for reconsideration, and although a *timely* motion may suspend the finality of the judgment until the district court has acted, . . . this motion was filed *after* the period allowed. . . . It therefore did not affect the judgment's finality, and the notice of appeal took effect immediately on its filing.") (emphasis added).

**B.     Motions for Leave**

Appellant seeks leave to have filed the Motions to Reconsider past the 14-day deadline contained in Bankruptcy Rule 8022 and argues that he has satisfied the *Pioneer* factors for excusable neglect, which include: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993). Appellees argue that, notwithstanding any argument that Appellant may make regarding excusable neglect,

9

Appellant's already-filed appeals must take precedence in depriving this Court of jurisdiction over the aspects of the case that are the subject of the appeals. The Court agrees. *See In re Samson Res. Corp.*, 2017 WL 4783291, at *4 (D. Del. Oct. 23, 2017) (dismissing pro se appellant's filing upon finding that court was "without jurisdiction to consider . . . regardless of whether Appellant might demonstrate excusable neglect").

Moreover, even if the Court had jurisdiction to consider Appellant's Motions for Leave, Appellant does not satisfy the standard for being granted such leave. The main justification put forth by Appellant for a finding of excusable neglect is that his error was the result of "the prejudice suffered by the Appellant as a result of [Appellees' counsel] Weil's most recent misconduct," including "intentional misrepresentation of Judge Sontchi's decision concerning standing." (Civ. No. 18-157-LPS D.I. 47 at 4-6; Civ. No. 18-367-LPS D.I. 109 at 4-6) Based on these alleged misrepresentations and misconduct, Appellant argues that his failure to timely file the Motions to Reconsider posed no prejudice to Appellees. Appellant insists that "[h]ad Weil been truthful and even-handed in its argument in the first place this entire situation would not have occurred" and, thus, "Weil cannot argue prejudice." (Civ. No. 18-157-LPS D.I. 6-7) Appellant further argues that the delay was "negligible" and should be excused, as "two rules" governing reconsideration of a bankruptcy appeal are "nearly identical (to the point of being used interchangeably)" yet have different deadlines. (*Id.* at 7-8)

Appellant's arguments lack merit. As Appellees correctly point out, Appellant's failure was entirely within his own reasonable control, and the reason for the delay appears to come down to misinterpreting the Bankruptcy Rules or overlooking the applicable deadline. The Bankruptcy Rule governing a motion for rehearing by the district court is clear and is not "interchangeable" with any other rule cited by Appellant. Contrary to Appellant's assertions, mistaken beliefs or lack of knowledge about the bankruptcy appeals process do not constitute excusable neglect, especially in

10

light of Appellant's familiarity with the appellate process stemming from these proceedings. *See Kuntz v. Pardo*, 160 B.R. 35, 39 (S.D.N.Y. 1993) (in considering whether excusable neglect is present, appellant's "status as a pro se litigant is of little import," given that appellant "has amassed litigation experience" and "has already filed no fewer than eight appeals, all unsuccessful"). Appellant, like the litigant in *Kuntz*, has amassed years of litigation experience during these Chapter 11 cases, having filed numerous appeals, all of which have been unsuccessful.

The remaining arguments either weigh in favor of Appellees or are neutral. Regarding prejudice to the debtor, Appellees have already borne the time and expense of Appellant's numerous motions and appeals, which repeatedly sought the same relief, for reasons that have been denied. On the other hand, Appellant's avenues for challenging the Dismissal Orders are not foreclosed if this Court denies his Motions for Leave; rather, Appellant will be able to challenge this Court's decisions in his already pending appeals to the Third Circuit. Regarding good faith, the Court notes that Appellant's multiple filings have resulted in sanctions in the Bankruptcy Court.[9] As outlined herein, this Court has allocated its limited resources to at least five appeals, by which Appellant has sought the same or substantially the same relief, and his filings include improper procedural requests. Such conduct does not weigh in favor of the equitable relief sought.

### C. Other Requests for Relief

The Court has been divested of jurisdiction to consider Appellant's additional requests for relief, which, accordingly, will be denied.

---

[9] The Bankruptcy Court issued an order sanctioning Appellant (*Paragon* D.I. 2068) ("Sanctions Order") in the Chapter 11 cases, finding that he had violated Bankruptcy Rule 9011 by making repeated, duplicative filings with no basis in law. Under the Sanctions Order, the Bankruptcy Court ordered that any future filings by Hammersley will be docketed but not considered.

## V. CONCLUSION

For the foregoing reasons, the Court will deny the Motions to Reconsider and the Motions for Leave. The remaining requests for relief are also denied. An appropriate Order follows.

November 6, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE